**JUDGE CHIN**

08 CV 3320

Samuel J. Thomas, Esq. (ST9959)
BRESSLER, AMERY & ROSS
A Professional Corporation
325 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 514-1200
Attorneys for Plaintiffs

APR 03 2008
U.S.D.C. S.D.N.Y.
CASHIERS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN MOTORISTS INSURANCE COMPANY (as successor by merger of AMERICAN PROTECTION INSURANCE COMPANY) and LUMBERMENS MUTUAL CASUALTY COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>MTS INSURANCE SERVICES, LLC and AMWINS GROUP, INC. (as successor by merger of MTS INSURANCE SERVICES, LLC),<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT** |

Plaintiffs American Motorists Insurance Company and Lumbermens Mutual Casualty Company, by way of Complaint against Defendants MTS Insurance Services, LLC and AmWINS Group, Inc., says:

## **JURISDICTIONAL ALLEGATIONS**

1. Plaintiff American Motorists Insurance Company ("AMICO") is an insurance company under the laws of the State of Illinois with principal offices at One Kemper Drive, Long Grove, Illinois. Plaintiff AMICO, which is the successor by merger of American Protection Insurance Company and which markets insurance products under the trade name of Kemper Insurance Companies, is authorized to transact business in all states relevant to this action.

2. Plaintiff Lumbermens Mutual Casualty Company ("Lumbermens") is a corporation organized under the laws of the State of Illinois with principal offices at One Kemper Drive, Long Grove, Illinois. Plaintiff Lumbermens, which is the parent of Plaintiff AMICO and which also markets insurance products under the trade name of Kemper Insurance Companies, is authorized to transact business in all states relevant to this action.

3. Defendant MTS Insurance Services, LLC ("MTS") is a limited liability company organized under the laws of the State of California with a principal place of business at Chatsworth, California. MTS is subject to the jurisdiction of this Court as a result of having transacted business in the state of New York and pursuant to an agreement between Defendant MTS and Plaintiffs.

4. Defendant AmWINS Group, Inc. ("AmWINS"), is a corporation organized under the laws of the State of Delaware with a principal place of business at 4064 Colony Road, Suite 450, Charlotte, North Carolina. Defendant AmWINS is the successor by merger of MTS Insurance Services, LLC, is subject to the jurisdiction of this Court as a result of transacting business in the State of New York, pursuant to an agreement between Defendant MTS and Plaintiffs, and by maintaining an office in New York, New York.

5. The amount in controversy between the parties is in excess of $75,000.

6. Jurisdiction is based on diversity of citizenship under 29 U.S.C. § 1332.

## COUNT ONE
### (Breach of Contract)

7. Plaintiffs repeat, restate and reallege the allegations of Paragraphs 1 through 6 of this Complaint as if fully set forth herein.

8. Defendant MTS is an insurance broker which identifies appropriate insurance coverage for its clients and works with various insurance carriers to bind such coverage.

9. Defendant MTS and Plaintiffs entered into a Kemper Insurance Companies Broker Agreement on or about May 1, 2002 ("the Agreement"). The Agreement, *inter alia*, provides that: (a) Defendant MTS will be paid commissions by Plaintiffs on a per policy or per account basis; and (b) Defendant MTS shall refund unearned commissions associated with return premiums to Plaintiffs at the same rate as originally paid to MTS.

10. Defendant MTS, on or about June 3, 2002, merged with Americana Financial Services, Inc., New Century Global, Inc., and Specialty Programs & Facilities Managers, Inc. The resulting corporation was subsequently named American Wholesale Insurance Group, Inc. which later changed its name to AmWINS Group, Inc.

11. Defendants, shortly after the merger, undertook efforts to procure workers' compensation insurance coverage for one of their clients, Swift Transportation Co., Inc. As part of these efforts, Defendants sought to place the insurance coverage through Plaintiffs.

12. Based on the efforts and submissions of Defendants, American Protection Insurance Company issued policies of workers' compensation insurance to Swift Transportation Co., Inc. and its subsidiaries under Policy Nos. 5BR035144-00, 5BR085143-00 and 5BR085142-00 for the effective dates of October 1, 2002 to October 1, 2003 (collectively, the "Policies"). The initial premiums for the Policies were $5,825,000 which included total commissions of $750,000.

3

13. Plaintiffs provided invoices to MTS for the initial premiums for the Policies less the total commissions of $750,000. In other words, Plaintiffs paid the total commission of $750,000 to Defendants based on the initial premiums for the full twelve (12) months of coverage provided by the Policies.

14. On or about February 17, 2003, Swift Transportation Co., Inc. and its subsidiaries cancelled the Policies on a short-rate basis. The early cancellation of the Policies resulted in a reduction of the final premiums for the Policies and a corresponding reduction of total commissions from $750,000 to $330,000.

15. On or about December 28, 2005, Plaintiffs issued an invoice to Defendants seeking payment of $420,000 for the unearned commissions which had been paid by Plaintiffs to Defendants. Defendants, however, have failed and refused to remit payment of these unearned commissions.

16. Pursuant to the terms of the Agreement, full commissions paid by Plaintiffs based on premiums for an entire one year period of coverage afforded by an insurance policy are refunded if the insurance policy is cancelled or terminated prior to the expiration of the full one year term, with the commission refunds to be computed pursuant to the applicable provisions of the policy and/or on a flat, pro-rata or short-rate basis.

17. Pursuant to prior course of dealing, full commissions paid by Plaintiffs based on premiums for an entire one year period of coverage afforded by an insurance policy are refunded if the insurance policy is cancelled or terminated prior to the expiration of the full one year term, with the commission refunds to be computed pursuant to the applicable provisions of the policy and/or on a flat, pro-rata or short-rate basis.

18. Pursuant to insurance industry standards, full commissions paid by Plaintiffs based on premiums for an entire one year period of coverage afforded by an insurance policy are refunded if the insurance policy is cancelled or terminated prior to the expiration of the full one year term, with the commission refunds to be computed pursuant to the applicable provisions of the policy and/or on a flat, pro-rata or short-rate basis.

19. Plaintiffs have substantially performed all of its obligations under the Agreement, and all conditions precedent, if any, have occurred.

20. Defendants have breached the Agreement by failing to remit payment of the unearned commissions.

21. On numerous occasions prior to filing the instant litigation, Plaintiffs have demanded payment of the $420,000 owed by Defendants to Plaintiffs and attempted to collect same without success.

22. Defendants have failed, refused and continue to refuse to pay the $420,000 balance due and owing to Plaintiffs thereby resulting in damages to Plaintiffs in that amount.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in the amount of $420,000 for compensatory damages, together with attorney fees, costs of suit, interest and such further relief as this Court deems just and proper.

## COUNT TWO
### (Unjust Enrichment)

23. Plaintiffs repeat, restate and reallege the allegations of Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. Plaintiffs have demanded that Defendants remit payment of the amounts owed by Defendants to Plaintiffs. Defendants, however, have failed and refused to remit payment.

25. Defendants, by virtue of their refusal to remit payment of amounts owed by Defendants to Plaintiff, have been unjustly enriched.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in the amount of $420,000 for compensatory damages, together with attorney fees, costs of suit, interest and such further relief as this Court deems just and proper.

### COUNT THREE
### (Account Stated)

26. Plaintiff repeats, restates and realleges the allegations of Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. Defendants, being indebted to Plaintiffs upon account stated between them, promised to pay Plaintiff upon demand.

28. Plaintiffs have repeatedly demanded that Defendants remit payment for the amounts owed by Defendants to Plaintiffs. Defendants, however, have failed and refused to remit payment.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in the amount of $420,000 for compensatory damages, together with attorney fees, costs of suit, interest and such further relief as this Court deems just and proper.

**BRESSLER, AMERY & ROSS, P.C.**
Attorneys for Plaintiffs

April 2, 2008
Date

By: Samuel J. Thomas, Esq. (ST9959)